**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERNEST EDWARDS,

    Plaintiff,

v.                                                                                      Case No. 09-11045

CHRISTOPHER MURRY,

    Defendant.
    _____/

**OPINION AND ORDER CONSTRUING PLAINTIFF'S TWO "LETTERS" AS MOTIONS FOR RECONSIDERATION, DENYING THE MOTIONS, AND DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Pending before the court are three filings by Plaintiff Ernest Edwards.  The first is a document docketed as "Letter," filed by Plaintiff on April 8, 2009.  The second is also a "Letter," received from Plaintiff on April 6, 2009 and filed June 15, 2009.  Plaintiff filed suit in this court on March 19, 2009, and the court summarily dismissed Plaintiff's complaint on March 26, 2009.[1]  Plaintiff has also filed an application to proceed *in forma pauperis* on appeal.  The first two filings appear to the court to request that the court to reconsider its March 26, 2009 order, and therefore the court will construe both as

---

[1] The court dismissed Plaintiff's complaint because Plaintiff has been enjoined from filing *in forma pauperis* lawsuits in this district without leave of court, and such leave was not requested or granted before Plaintiff filed his complaint on March 19, 2009. Plaintiff has been a frequent filer of civil rights complaints and habeas petitions in this district.  In an order entered in a civil rights case filed by Plaintiff in 1996, District Judge Lawrence P. Zatkoff prohibited Plaintiff from filing any additional *in forma pauperis* complaints without prior leave of court.  *See* "Order Dismissing Complaint Under 28 U.S.C. § 1915(g) and Enjoining Plaintiff from Filing Future Complaints Without Prior Authorization," *Edwards v. Hofbauer*, No. 96-CV-74292-DT (E.D. Mich. Oct. 31, 1996).

motions for reconsideration and deny them.  The court will also deny Plaintiff's application to proceed *in forma pauperis* on appeal.

## I.  STANDARD

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## II.  DISCUSSION

In his filing of April 8, 2009, Plaintiff provides several case summaries regarding civil rights cases.  He also argues that Defendant Christopher Murry, a judge, violated Plaintiff's right to due process because Defendant never gave Plaintiff a hearing before returning him to prison and that Defendant is not entitled to absolute immunity, or that he was improperly denied parole or a parole hearing.  It appears to the court that Plaintiff's motion is a continuation of the allegations stated in his complaint.  The court therefore construes the letter as a motion for reconsideration.

Plaintiff, however, has not "demonstrate[d] a palpable defect by which the court and the parties have been misled," the correction of which would "result in a different

disposition of the case" as required in order for the court to grant a motion for reconsideration  E.D. Mich. LR 7.1(g)(3).  Plaintiff merely restates and reargues the reasons that the court should allow him to proceed with his suit, and a motion for reconsideration which presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Moreover, Plaintiff has not provided an excuse for his complaint's fundamental defect: namely, that he is required to attach to any *in forma pauperis* complaint:

> (1) an application for permission to file the pleading; and
>
> (2) an affidavit demonstrating that plaintiff's allegations have merit and that they are not a repetition of plaintiff's previous complaints or petitions.

(3/26/09 Order.)  Plaintiff has not provided either of these documents, nor can he do so at this late date.  Because Plaintiff has not "demonstrate[d] a palpable defect by which the court and the parties have been misled," the correction of which would "result in a different disposition of the case," the court will deny Plaintiff's motion  E.D. Mich. LR 7.1(g)(3).

In Plaintiff's filing received April 6, 2009 and filed on June 15, 2009, Plaintiff argues that his complaint was not subject to summary dismissal because he is not currently incarcerated and therefore not subject to the provisions of 28 U.S.C. § 1915.  The court will construe this filing as a motion for reconsideration because Plaintiff states in it his disagreement with the court's previous order.

Contrary to Plaintiff's assertion, the provisions of 28 U.S.C. § 1915, which permit the court to summarily dismiss a complaint, apply to all litigants who proceed without the

prepayment of the court's filing fee.  Moreover, Plaintiff has been specifically enjoined from filing lawsuits *in forma pauperis* without prior leave of the court.  Plaintiff has not "demonstrate[d] a palpable defect by which the court and the parties have been misled," the correction of which would "result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  Plaintiff merely argues with the decision this court reached in its March 26, 2009 order.  Therefore the court, will deny Plaintiff's motion.

Finally, Plaintiff has filed an application to proceed *in forma pauperis* on appeal.  Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court.  An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).  In his application, Plaintiff provides a litany of case summaries, apparently in support of his contention that he was improperly denied parole or a parole hearing.  As the court stated in its March 26, 2009 order, Plaintiff is a "frequent filer of civil rights complaints and habeas petitions in this district," and has been enjoined from filing new cases without prior leave of the court.  (3/26/09 Order at 1.)  Plaintiff did not obtain leave of the court to file this lawsuit, and without any form of substantiation from Plaintiff demonstrating the merit of his suit, as required of Plaintiff, and as noted in the court's March 26, 2009 order.  The court concludes that an appeal in this case cannot be taken in good faith.  Therefore, the court will deny Petitioner's application to proceed *in forma pauperis* on appeal.

For the reasons stated above, IT IS ORDERED that Plaintiff's April 8, 2009 and

June 15, 2009 "Letters" [Dkt. ## 3, 7] are CONSTRUED as motions for reconsideration and are DENIED.

IT IS FURTHER ORDERED that Plaintiff's application to proceed *in forma pauperis* on appeal [Dkt. # 6] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 6, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 6, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522